IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LARRY ABERNATHY, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 5:09-cv-206 (CAR) |
| v. | : | |
| | : | |
| FEDERAL DEPOSIT INSURANCE | : | |
| CORPORATION, RIVER CHASE | : | |
| HOMES LLC, and PRESCIENT ASSET | : | |
| MANAGEMENT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER TO DISMISS FOR FAILURE TO SERVE

Plaintiff, proceeding *pro se*, filed this action on June 22, 2009.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days from that date to perfect service on the Defendants.  There is no indication in the record that any of the Defendants has received service of the summons and complaint.  Thus, on January 22, 2010, this Court issued a Show Cause Order [Doc. 3] for Plaintiff to show cause, within ten (10) days, why his case should not be dismissed for failure to serve Defendants (or Defendants' counsel, if represented) with a copy of the Complaint [Doc.1] within the requisite 120 days.

As of the date of this Order, Plaintiff has failed to respond to this Court's Show Cause Order.  When a plaintiff does not show good cause as to why he failed to serve a

defendant with a copy of the complaint, a district court must dismiss the case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); see also Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970) ("It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.").

Before dismissing the case, however, the Eleventh Circuit requires the district court to consider whether "any other circumstances warrant an extension of time [for Plaintiff to perfect service] based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). The Court acknowledges that Plaintiff in this case is proceeding without counsel. But while courts "are to give liberal construction to the pleading of *pro se* litigants," such generosity does not excuse *pro se* litigants from failing "to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation and citation omitted); see also Nelson v. Barden, 145

Fed. Appx. 303, 311 n.10 (11th Cir. 2005) (dismissing *pro se* litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Plaintiff must comply with the procedural rule here, and any "failure to understand Rule 4(m) does not excuse [his] failure to provide timely service." Cain v. Abraxas, 209 Fed. Appx. 94, 96 (3rd Cir. 2006). In this case, the Court sees no basis for extending the time for Plaintiff to serve Defendants. Accordingly, the Court **DISMISSES** Plaintiff's claims *without prejudice*.

**SO ORDERED,** this 9th day of February, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH